**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CHRISTOPHER BORIS WILSON,**

                **Plaintiff,**

      **v.**                                             **CASE NO. 22-3016-SAC**

**(FNU) KELLY, et al.,**

                **Defendants.**

**MEMORANDUM AND ORDER**

**I.   Nature of the Matter before the Court**

Plaintiff Christopher Boris Wilson, who is a pretrial detainee at Wyandotte County Detention Center (WCDC), filed this pro se civil action pursuant to 42 U.S.C. § 1983. He names as defendants the staff of the Wyandotte County Sheriff's Office (WCSO); WCSO Deputies Kelly, Mock, Wilson, Bond, Carol, Holt, Stoafer, Salas, Uthes, Letterman, and Reed, first names unknown; WCSO Sergeants Panjada, Sage, and Barret; WCSO Detective Boezek, first name unknown; and WCSO nurses Tara, Walter, and Cody, last names unknown. (Doc. 1, p. 1-3.)

As the factual background for this complaint, Plaintiff alleges that on December 13, 2021, he was in an intake cell at the WCDC adjusting the screws on his wheelchair, when Deputy Kelly and Sergeant Panjada came into the cell. *Id.* at 4. Plaintiff alleges that, for no reason, Deputy Kelly punched Plaintiff, choked him,

1

and "slammed" him, causing him pain and leaving him in fear for his life. *Id.* at 4. In an attachment to the complaint, Plaintiff alleges that Deputy Kelly fractured his back and broke his leg. (Doc. 1-1, p. 8.) Plaintiff further alleges that his requests for medical treatment have been denied, as has his request for a temporary restraining order to protect him from WCSO deputies and sergeants. (Doc. 1, p. 4-5.) Instead, Plaintiff was then housed in a pod where Deputy Kelly served him breakfast, which Plaintiff believes was meant to threaten and intimidate him. *Id.* at 4.

Plaintiff filed this § 1983 action on January 24, 2022. As Count I of his complaint, Plaintiff claims that his right to be free from abuse was violated by Deputy Kelly's actions on December 13, 2021. Liberally construed, Count I alleges a claim of excessive force in violation of the Eighth Amendment to the United States Constitution. As Count II, Plaintiff argues that he should have been granted a temporary restraining order against WCSO deputies and sergeants. As Count III, Plaintiff claims that his right to adequate medical care was violated by deputies' refusal to allow him to be seen and treated for injuries caused by Deputy Kelly. Plaintiff seeks money damages in the amount of $4,000,000.00 and to have the pending state criminal charges dismissed. *Id.* at 6.

**I.   Motion for Default Judgment and Issuance of Summons (Doc. 6)**

On February 18, 2022, Plaintiff filed a motion for default judgment and motion for issuance of summons. (Doc. 6.) Default

judgment is not appropriate unless "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." See Fed. R. Civ. P. 55(a). A responsive pleading is not required until a defendant has been served with the summons and complaint or has waived service. See Fed. R. Civ. P. 12(a). Service shall not issue in this action until the screening process has been completed. Accordingly, the Court finds that Plaintiff's motion for default judgment and for issuance of summons (Doc. 6) is premature and denies it at this time without prejudice. The Court will order service if Plaintiff's action survives screening.

**II.   Screening Standards**

Because Mr. Wilson is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915(a), (b), and (e)(2)(B).

Plaintiff proceeds pro se, so the Court liberally construes the complaint and applies less stringent standards than it would to formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). During this initial screening, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006.)

Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal

is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii)

4

dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* (quotation marks and citations omitted). Under this new standard, "a plaintiff must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

**III. Defendants**

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated the plaintiff's federal constitutional rights.

This action is subject to dismissal as against all defendants except Defendant Kelly because Plaintiff fails to allege facts showing the personal participation of each defendant in the alleged constitutional violations. Plaintiff's complaint and exhibits frequently use general and collective terms such as "they" but make no distinction as to what acts are attributable to whom, making it "impossible for any of these individuals" as well as the Court "to ascertain what particular unconstitutional acts" each is alleged to have committed. *See Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008). In short, other than his allegations about Defendant Kelly, Plaintiff fails to clearly "isolate the allegedly unconstitutional acts of each defendant." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 565, n. 10 (2007).

Relatedly, Count III is subject to dismissal because Plaintiff fails to identify specific defendants who personally participated in the denial of medical treatment. Instead, he asserts generally that "[d]eputies refused to allow me to be treated." (Doc. 1, p. 5.) If Plaintiff wishes to pursue the claim in Count III, he must make sufficiently specific allegations regarding the individuals who denied him medical treatment.

**IV. Failure to State a Claim upon which Relief may be Granted**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

6

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).

In Count II, Plaintiff asserts only that his request for a temporary restraining order was denied. He makes no reference to any federal constitutional provision or federal law, and the Court is not free to construct a legal theory on his behalf. Thus, Count II is subject to dismissal because Plaintiff has not adequately alleged a federal constitutional violation.

## V.   Relief Requested

In his request for relief, Plaintiff states in part that he wishes "to have all [his] charges from 12-10-2021 – 12-25-2021 dropped." Such relief is unavailable in this § 1983 action. A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005).

## VI.  Amended Complaint Required

For the reasons stated herein, the current complaint is deficient. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. Plaintiff is cautioned that an amended complaint is not simply a supplement to the original complaint, it completely replaces it. Any claims or

allegations not included in the amended complaint are no longer before the Court. Plaintiff may not simply refer to an earlier pleading; the amended complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those already set forth in the original complaint.

Plaintiff must write the number of this case (22-3016) at the top of the first page of his amended complaint. He must name every defendant in the caption and he should refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant, including dates, locations, and circumstances. Plaintiff must allege sufficient facts to show a federal constitutional violation.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will proceed upon the current deficient complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for default judgment and for issuance of summons (Doc. 6) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including **April 2, 2022,** to file a complete and proper amended complaint to cure all the deficiencies discussed herein. The clerk is directed to send 1983 forms and instructions to Plaintiff.

8

**IT IS SO ORDERED.**

DATED:  This 2nd day of March, 2022, at Topeka, Kansas.

<pre>
                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge
</pre>