IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER BORIS WILSON,

          **Plaintiff,**

    v.                                        CASE NO. 22-3016-SAC

(FNU) KELLY, et al.,

          **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action. Plaintiff is a pretrial detainee at Wyandotte County Detention Center (WCDC). By order dated March 2, 2022 (Doc. 8; "MOSC"), the Court directed Plaintiff to file an amended complaint that cures all the deficiencies discussed in the MOSC. Plaintiff filed an Amended Complaint (Doc. 10) on March 25, 2022, which is now before the Court for screening. The Court's screening standards are set forth in detail in the MOSC.

Plaintiff alleges in his Amended Complaint that on December 13, 2021, he was in an intake cell at the WCDC adjusting the screws on the arms of the wheelchair he had been provided to use because he was in an air cast. The screws were inserted upside down making the wheelchair painful to use. Deputy Kelly and Sergeant Panjada rushed into the cell and announced they were taking the wheelchair. Plaintiff tried to explain to Kelly what he was doing, and when Kelly refused to listen, Plaintiff tried to speak to Panjada. Plaintiff alleges that, for no reason, Deputy Kelly then punched Plaintiff in the face, breaking a tooth, and grabbed and twisted his arm, injuring his back and shoulder.

As Count I of his Amended Complaint, Plaintiff claims that his right under the Eighth Amendment to be free from excessive force was violated by Deputy Kelly's actions on December

1

13, 2021.  As Count II, Plaintiff alleges intentional infliction of emotional distress in violation of the Eighth Amendment.  As Count III, Plaintiff alleges Deputy Panjada is liable because he failed to intervene to stop Kelly's use of excessive force.  Plaintiff seeks money damages in the amount of $700,000.00 and to have the defendants removed from their positions.

"Excessive force claims are cognizable under the Fourth, Fifth, Eighth, and Fourteenth Amendment, depending on where in the criminal justice system the plaintiff is at the time of the challenged use of force."  *Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1169 (10th Cir. 2021) (citation omitted).  Claims of mistreatment while in state pretrial confinement are not covered by the Fourth Amendment or the Eighth Amendment.  *Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019).  They are assessed under the Fourteenth Amendment.  *Id*.

The Supreme Court held in *Kingsley v. Hendrickson* that "the appropriate standard for a pretrial detainee's excessive[-]force claim is solely an objective one" and that therefore "a pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose."  *Brown v. Flowers*, 974 F.3d 1178, 1182 (10th Cir. 2020) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 2473–74, 192 L. Ed. 2d 416 (2015)); *see also Colbruno*, 928 F.3d at 1163 ("[T]here is no subjective element of an excessive-force claim brought by a pretrial detainee.").

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the WCDC.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).  Accordingly, the Court orders the appropriate officials to prepare and file a *Martinez* Report.  Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1)     Officials responsible for the operation of the WCDC are directed to undertake a review of the subject matter of the Amended Complaint:

a.     To ascertain the facts and circumstances;

b.     To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

c.     To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(2)     Upon completion of the review, a written report shall be compiled which shall be filed with the Court **by June 6, 2022** and served on Plaintiff.  The WCDC officials must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any recordings related to Plaintiff's claims shall also be included.

(3)     Authorization is granted to the officials of WCDC to interview all witnesses having knowledge of the facts, including Plaintiff.

(4)     No answer or motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.  If the Complaint survives screening, the Court will enter a separate order for service that sets an answer deadline.

(5)     Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Complaint and the report ordered herein.  This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the Wyandotte County Sheriff as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein.  Upon the filing of that report, the Sheriff may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to the Wyandotte County Sheriff, and to the Wyandotte County District Attorney.

**IT IS SO ORDERED.**

**DATED:  This 5th day of May, 2022, at Topeka, Kansas.**

> **S/ Sam A. Crow**
> **SAM A. CROW**
> **U.S. Senior District Judge**