IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER BORIS WILSON,**

     **Plaintiff,**

  v.                 CASE NO. 22-3016-SAC

**(FNU) KELLY, et al.,**

     **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff alleges his constitutional rights were violated while he was housed at the Wyandotte County Detention Center ("WCDC") in Kansas City, Kansas. He alleges the defendants subjected him to the excessive use of force.

After ordering, receiving, and reviewing a *Martinez* Report in this case, the Court entered a memorandum and order to show cause ("MOSC") (Doc. 26) directing Plaintiff to show cause why this matter should not be dismissed for failure to meet the objective standard for an excessive force claim and for failure to exhaust administrative remedies. This matter is before the Court on Plaintiff's Response (Doc. 27) to the MOSC and the *Martinez* Report.

Plaintiff states generally that he objects to the Report and "object[s] to the intake video and ask[s] that a professional looks at the footage to see an alteration in this video footage." Doc. 27. He does not further explain which portion of the footage he believes was altered or offer anything more than the quoted statement. Also, he does not address the exhaustion of administrative remedies. He asks the Court to stop "allowing Defendants to make a mockery of United States of

America's laws and Constitution" and asserts that his "honest words and missing tooth are a show of good cause why this matter should not be dismissed." *Id*.

Even accepting Plaintiff's contention that his tooth was cracked during this incident and approximately two months later broke apart and had to be removed (*see* Amended Complaint, Doc. 10, at 3), the evaluation of Plaintiff's excessive force claim is not dependent upon a resolution of omitted or disputed facts. Both Plaintiff's submissions and the *Martinez* Report indicate that Plaintiff was dismantling the arm of a wheelchair he had been given. When Defendant Kelly and Panjada entered the cell to stop him and remove the wheelchair, Plaintiff objected and approached Panjada. Although Plaintiff's and Kelly's version of events differ at this point, it is clear that Kelly used physical force on Plaintiff. The "reasonableness" of a particular use of force must be judged from the perspective of the officer at the time and not every push or shove, even though it may later seem unnecessary, violates the Constitution. *Graham v. Connor,* 490 U.S. 386, 397 (1989). Kelly perceived a need for force to maintain discipline and control after finding Plaintiff to be aggressive, confrontational, and threatening, and he made a split-second judgment about the amount of force required to bring the situation under control. There is no evidence in the record to indicate the force was not rationally related to a legitimate governmental objective or that it was excessive in relation to that purpose. *See Brown v. Flowers*, 974 F.3d 1178, 1182 (10th Cir. 2020) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 2473–74, 192 L. Ed. 2d 416 (2015)).

The Court finds that Plaintiff has not shown good cause why this matter should not be dismissed for the reasons explained here and in the MOSC. Consequently, Plaintiff's Amended Complaint is dismissed under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that this action is dismissed for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

**Dated January 6, 2023, in Kansas City, Kansas.**

**S/   John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
